ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUG 0 8 2006

JAMES N. HATTEN, Clerk
By: *JKPinckney* Deputy Clerk

| | |
|---|---|
| SOLVAY PHARMACEUTICALS, INC., a Georgia Corporation, and ADIR S.A., a French Societé à Responsibilité Limiteé, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | **1 06 CV 1856** |
| v. ) | Civil Action No. _____ |
| ) | JURY TRIAL DEMAND |
| COBALT PHARMACEUTICALS, a Canadian Corporation, ) ) ) | |
| Defendant. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Solvay Pharmaceuticals Inc. and Adir for their complaint against Defendant Cobalt Pharmaceuticals, Inc. hereby allege as follows:

### THE PARTIES

1. Plaintiff Solvay Pharmaceuticals Inc. ("Solvay") is a Georgia Corporation having its principal place of business at 901 Sawyer Road, Marietta, GA 30062.

-1-

2. Plaintiff Adir ("Adir") is a "Societé à Responsibilité Limiteé" duly organized and existing under the laws of France, having its principal place of business at 1 rue Carle Hebert 92415 Courbevoie Cedex, France.

3. On information and belief, Cobalt Pharmaceuticals ("Cobalt" or "Defendant") is an Ontario, Canada, corporation with its principal place of business at 6500 Kitimat Road, Mississauga, Ontario, Canada L5N 2B8.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §101 *et seq.* and under the Food and Drug Laws of the United States, 21 U.S.C. § 1 *et seq.* The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The parties are citizens of different states and/or foreign states and the amount in controversy exceeds $75,000.

5. On information and belief, Cobalt does business and sells its products in this District as well as throughout the United States. Plaintiffs have a substantial interest in enforcing their intellectual property rights in this district and in remedying infringement occurring in this district.

6.  On information and belief, Defendant has sufficient minimum contacts with the forum state such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

7.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8.  Solvay is the current holder of approved New Drug Application ("NDA") No. 020184 for Aceon® oral tablets, for use in the treatment of stable coronary artery disease and hypertension (high blood pressure). The active ingredient in Aceon® is perindopril erbumine, in strengths of 2 mg, 4 mg and 8 mg.

9.  U.S. Patent No. 5,162,362 ("the '362 Patent") covers, among other things, the active ingredient of Aceon® and its use for treating hypertension. A copy of the '362 Patent is attached hereto as Exhibit A.

10. Adir is the exclusive licensee in the United States for manufacture, sale and use of all products covered by the claims of the '362 Patent, which is currently assigned to Sanofi-Aventis Deutschland GmBH (successor-in-interest to Hoechst Aktiengesellschaft). Under that exclusive license, Adir owns all

substantial rights to the '362 Patent, including the exclusive right to sue for past, present and future infringement. Solvay is in turn the exclusive sublicensee of these rights in the United States. Plaintiffs have standing to bring this action.

11. This action relates to an Abbreviated New Drug Application ("ANDA") filed by Cobalt with the United States Food and Drug Administration ("FDA") for approval to market a generic copy of Solvay's Aceon® products that are sold throughout the United States.

12. On information and belief, Cobalt filed ANDA No. 78-265 with the FDA in order to obtain approval under 21 U.S.C. § 355(j) to engage in the commercial manufacture, use and sale of a generic copy of Aceon® prior to the expiration of the '362 patent.

13. In a letter dated June 23, 2006, Cobalt notified Solvay that it had filed an ANDA seeking approval to market a generic copy of Solvay's Aceon® for the treatment of stable coronary heart disease and hypertension and was providing the alleged basis for supporting its Paragraph IV certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

## FIRST CLAIM FOR PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 5,162,362

14. Plaintiffs reallege paragraphs 1-13, above.

15. The '362 Patent, entitled "Octahydroindole-2-carboxylic acids" was issued by the United States Patent Office on November 10, 1992. A true and correct copy of the '362 Patent is attached to this complaint.

16. On information and belief, Cobalt filed ANDA No. 78-265 in order to obtain approval to market a generic version of Aceon® in 2 mg, 4 mg and 8 mg doses prior to the expiration of the '362 Patent.

17. After submitting its ANDA, Cobalt filed with the FDA a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the claims of the '362 patent are invalid.

18. On information and belief, Cobalt's proposed generic drug as disclosed in ANDA No. 78-265 will infringe one or more claims of the '362 Patent.

19. Cobalt intends to make, offer to sell, and sell a product covered by one or more claims of the '362 Patent.

20. Cobalt has committed an act of infringement under 35 U.S.C. § 271(e)(2)(B) by filing ANDA No. 78-265 and seeking approval of the FDA to engage in the commercial manufacture, use or sale of a drug covered by a claim of the '362 Patent prior to expiration of that patent.

21. Cobalt's proposed generic drug will also induce infringement of one or more claims of the '362 Patent.

22. Plaintiffs will be substantially and irreparably harmed by Cobalt's infringing activities unless the relief requested by Plaintiffs is granted.

23. Plaintiffs have not consented to any of Cobalt's infringing acts.

24. Cobalt will continue to infringe the '362 Patent and Plaintiffs will be further damaged unless Cobalt is enjoined by this Court.

25. Plaintiffs are entitled to full relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of approval of Cobalt's ANDA be a date that is not earlier than the expiration date of the '362 patent, November 10, 2009.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for a judgment in their favor, including:

(a) A decree that Defendant has infringed United States Patent No. 5,162,362 and that Defendant's ANDA may not be approved by the FDA until after the expiration of the '362 Patent;

(b) An order for preliminary and permanent injunctive relief prohibiting Defendant, its officers, agents, servants, employees, successors,

assigns, or all the persons or entities in active concern, participation or privity with any of the foregoing, from any further acts of infringement, contributory infringement or inducement of infringement of the '362 Patent;

(c) An order directing Defendant to deliver all infringing products, if any, for destruction;

(d) An award of Plaintiffs' actual damages proximately caused by Defendant's unlawful acts;

(e) An award of increased damages and punitive damages for the willful nature of Defendant's unlawful acts;

(f) An assessment of interest on the damages so computed;

(g) An award of Plaintiffs' attorneys' fees and costs in this action; and

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated: August 8, 2006

Respectfully submitted,

By: /s/ *signature*
William M. Ragland, Jr.
Georgia Bar No. 591888
Bradley W. Grout
Georgia Bar No. 313950
HUNTON & WILLIAMS LLP
4100 Bank of America Plaza
600 Peachtree Street NE
Atlanta, Georgia 30308
404-888-4000 (telephone)
404-888-4190 (facsimile)

Of Counsel:

James R. Ferguson
Joseph A. Mahoney
William J. Healey
Vera A. Nackovic
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606-4637
312-782-0600 (telephone)
312-701-7711 (facsimile)

Attorneys for Plaintiffs